```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION
```

GARY QUILÉ, §
 §
        Plaintiff, §
 § Civil Action No. 3:08-CV-1659-D
VS. §
 §
HILL-ROM COMPANY, INC., et al., §
 §
        Defendants. §

## MEMORANDUM OPINION

Plaintiff Gary Quilé ("Quilé"), a veteran, sues defendant United States of America ("United States") under the Federal Tort Claims Act ("FTCA"), alleging that the negligence of nurses employed at the Dallas Veterans Affairs Medical Center ("VA") proximately caused him to fall from his hospital bed and suffer personal injuries.[1] Following a bench trial, and for the reasons that follow,[2] the court finds and concludes that Quilé failed to prove

---

[1] Quilé originally filed this suit in state court against Hill-Rom Company, Inc. ("Hill-Rom"), who he alleged designed, manufactured, and distributed the Model P3200 VersaCare hospital bed. Quilé and Hill-Rom later entered into a joint stipulation of dismissal with prejudice. Quilé's counsel asserted at trial that Quilé dismissed his action against Hill-Rom because he could not prove that the hospital bed from which he fell was one of the beds that was the subject of a Hill-Rom recall.

[2] The court sets out in this memorandum opinion its findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a)(1). Although the court has carefully considered the trial testimony and exhibits, this memorandum opinion has been written to comply with the level of detail required in this circuit for findings of fact and conclusions of law. *See, e.g., Century Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998) (discussing standards). The court has not set out its findings and conclusions in punctilious detail, slavishly traced the claims issue by issue and witness by witness, or indulged in exegetics, parsing or declaiming every fact and each nuance and hypothesis. It has instead written a memorandum opinion that contains findings and conclusions that provide a clear understanding of the basis for the

that the nurses were negligent, as alleged. The court therefore enters judgment in favor of the United States.

I

Quilé's son brought him to the VA on August 18, 2006 for treatment of alcohol abuse. Quilé was admitted and placed in a hospital bed in a two-man room. He slept most of the day on August 19. On August 20 Quilé awoke and fell out of his bed, sustaining personal injuries to his right hip.

Quilé alleges that he awoke from his sleep on August 20 to discover that the upper part of his bed was raised to approximately a 45° position and that the patient pendant—the call button for summoning the nurse—had been placed out of his reach. He asserts that, while he was attempting to find the call button, he leaned on the upper side rail of the bed and the side rail latching mechanism gave way, causing him to fall out of his bed and fracture his right hip.

Quilé maintains that VA nurses were negligent (1) in failing to properly latch the side rail of his hospital bed; (2) in placing the patient pendant—the call button—in an awkward position out of his reach; and (3) in failing to inspect the side rail to ascertain that it was properly secured.[3] He alleges that such negligence was a proximate cause of his personal

---

court's decision. *See id.*

[3]These are the alleged acts of negligence set out in the pretrial order. *See* PTO 3. In his proposed findings of fact and conclusions of law, Quilé relies on a different phrasing of the three grounds. He asks the court to find that the nurses "breached the accepted standards of care for nursing treatment . . . by the following acts or omission: (a) In failing to provide

injuries.

II

Under the FTCA, the United States is liable for negligent acts and/or omissions of its employees when the acts or omissions are committed within the course and scope of their employment. *See Richards v. United States*, 369 U.S. 1, 2 (1962). The United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674.[4] "[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992) (collecting cases). "Under the FTCA, liability for medical malpractice is controlled by state law, the law of Texas in this case." *Hollis v. v. United States*, 323 F.3d 330, 334 (5th Cir. 2003) (citing *Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985), and *Urbach v. United States*, 869 F.2d 829, 831 (5th Cir. 1989)).

---

a safe environment for the patient by placing the call pendant/TV control well within the reach of patient at all times; (b) In failing to make sure that bed side rails are properly functioning for his safety; [and] (c) In failing to completely latch bed side rails when placing them in the upright position[.]" P. Prop. Find. Fact No. 8; *see also* P. Prop. Concl. Law No. 8 (same). "It is a well-settled rule that a joint pretrial order signed by both parties supercedes all pleadings and governs the issues and evidence to be presented at trial." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir.2000) (quoting *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir.1996)). Although the pretrial order controls, the court would make the same findings were it addressing the grounds as phrased in plaintiff's proposed findings of fact and conclusions of law.

[4]The United States is not liable under the FTCA, however, "for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.

Under Texas law,

> [t]he elements of a medical negligence claim are: (1) a duty to conform to a certain standard of care; (2) a failure to conform to the required standard; (3) actual injury; and (4) a causal connection between the conduct and the injury. A medical malpractice plaintiff must present evidence of a reasonable medical probability that the alleged injuries were caused by the negligence of one or more defendants, meaning simply that it is more likely than not that the ultimate harm or condition resulted from such negligence.

*Methodist Hosp. v. German*, 369 S.W.3d 333, 338 (Tex. App. 2011, pet. filed) (citations and quotation marks omitted) (medical malpractice case against hospital involving care provided by nurses).

### III

Quilé failed to prove by a preponderance of the evidence that the VA nurses failed to conform to the standard of care, i.e., that they were negligent.[5] Specifically, he failed to prove by a preponderance of the evidence that the nurses (1) failed to properly latch the side rail of his hospital bed; (2) placed the patient pendant—the call button—in an awkward position out of his reach;[6] or (3) failed to inspect the side rail to ascertain that it was properly

---

[5]The court concludes that the VA owed a duty to Quilé to act according to the applicable standards of care. The court finds that Quilé suffered personal injuries when he fell from his hospital bed. Because Quilé failed to prove that the VA nurses failed to conform to the required standard of care, however, the court need not address the element of causation. If the court were to reach that element, it would find that Quilé failed to prove by a preponderance of the evidence that a negligent act or omission of a VA nurse was a proximate cause of his fall from the hospital bed.

[6]This finding relates to a negligent or unintentional placement of the patient pendant out of Quilé's reach. The court recognizes that Quilé is *not* relying on a nurse's *intentional*

secured.

Quilé's counsel asserted during closing argument that the issue in this case is whether the call button was within Quilé's reach before he fell. Although the court does not suggest that Quilé intentionally gave false trial testimony, it nevertheless finds as trier of fact that his testimony that the call button was not within his reach is unreliable and therefore not credible. Because Quilé has the burden of proof, the court is unable to find as a fact that the call button was not within Quilé's reach when he fell from his bed.

\* \* \*

Accordingly, for the reasons explained, the court finds in favor of the United States and dismisses this case with prejudice by judgment filed today.

November 7, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

act of placing the patient pendant out of his reach.